```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION


NANCY MCCART,                    :      NO. 1:08-CV-00656
                                 :
       Plaintiff,                :
   v.                            :      OPINION AND ORDER
                                 :
                                 :
UNIVERSITY OF CINCINNATI         :
FOUNDATION,                      :
                                 :
       Defendant.                :
```

This matter is before the Court on Defendant's 12(b)(6) Motion to Dismiss(doc. 5), Plaintiff's Response in Opposition (doc. 6), and Defendant's Reply (doc. 7). Also before the Court is Plaintiff's Motion to Amend Complaint(doc. 8). For the reasons stated herein, the Court GRANTS Plaintiff's Motion to Amend the Complaint (doc. 8), and therefore DENIES AS MOOT Defendant's Motion to Dismiss (doc. 6).

Defendant seeks dismissal of Plaintiff's claims under Title VII of the Civil Rights Act of 1964, and the Ohio Revised Code Chapter 4112 on the basis that Plaintiff's Complaint fails to allege facts sufficient to establish that she met all procedural prerequisites to pursuing a Title VII action in federal court[1] (doc. 5). In <u>Puckett v. Tennesee Eastman Co.</u>, 889 F.2d 1481 (6th Cir. 1989), the Sixth Circuit stated "[t]he Title VII plaintiff

---

[1] Defendant argues that if dismissal of Plaintiff's federal claim is granted, the Court should decline to exercise supplemental jurisdiction on Plaintiff's state law claim (doc. 5).

satisfies the prerequisites to a federal action (1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's stautory notice of the right to sue." Id. at 1486, citing 42 U.S.C. § 2000e-5(f)(1) and McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)(quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981)); see also Columbia Natural Resources, Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995). Defendant argues that although Plaintiff alleges she received a "Notice of Right to Sue" from the Equal Employment Opportunity Commission ("EEOC"), dismissal is proper because she fails to allege that she timely filed the instant action within ninety (90) days of the issuance of that Notice of Right to Sue, as required under Title VII, 42 U.S.C. § 2000e-5(f)(1), or that she timely filed a charge of discrimination with the EEOC (doc. 5).

In response, Plaintiff argues that she did, in fact, comply with all of Title VII's requirements and that Defendant was aware of this compliance before Defendant filed its motion (doc. 6). Further, Plaintiff contends the allegation in the Complaint that she received a "Notice of Right to Sue" necessarily implies

that she timely filed a charge of discrimination with the EEOC because it is impossible to obtain such Notice without filing a charge (Id.). Finally, despite her belief that such detailed pleading is not required, Plaintiff requests leave to amend her Complaint to specifically plead compliance with Title VII's requirements (doc. 8).

Having reviewed this matter, the Court finds Plaintiff's request well-taken. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). Further, the Supreme Court stated:

> In the absence of any apparent or declared reason- such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.- the leave should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also, Monnette v. Electronic Data Systems Corp., 90 F.3d 1173, 1189 (6th Cir. 1996). Plaintiff provides evidence that she did fulfill all administrative prerequisites to filing suit under Title VII and because the parties have not started discovery in this matter there would be no undue prejudice to Defendant (doc. 6). For these reasons, the Court finds leave to amend the complaint to specifically plead compliance with Title VII should be granted.[2]

---

[2] Because the Court finds it proper to grant Plaintiff's motion to amend the complaint, the Court need not reach the merits of Defendant's motion.

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Amend the Complaint (doc. 8), and therefore DENIES AS MOOT Defendant's Motion to Dismiss (doc. 6).

SO ORDERED.

Dated: March 25, 2009             s/S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge